NO. 07-11-00085-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
23, 2011

 



 

CESAR DAN HERNANDEZ-SANDOVAL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 291ST DISTRICT COURT OF DALLAS
COUNTY;

 

NO. F-0954675-U; HONORABLE SUSAN LYNN HAWK, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

ON ABATEMENT AND REMAND

 

Appellant,
Cesar Dan Hernandez-Sandoval, appeals from conviction for the offense of
murder, and sentence of life imprisonment.[1]  Appellant filed notice of appeal on December
14, 2010.  The appellate record was due
to be filed by December 17, 2010.

On
February 17, 2011, by order of the Texas Supreme Court, this appeal was
transferred from the Fifth District Court of Appeals to this Court.  See Tex.
Gov’t Code
Ann. § 73.001 (West 2005).  By separate letters, both dated March 1,
2011, this Court notified the district clerk and official court reporter that
the appellate record in this case had been due to be filed no later than
December 17, 2010, and directed the clerk and reporter to advise this Court of
the status of the records on or before March 11, 2011.  We received a request for extension of time
to file the reporter’s record on March 1, 2011. 
This request was granted. 
However, to date, we have neither received the clerk’s record nor any
response to this Court’s March 1, 2011 directive.  

Accordingly,
we now abate this appeal and remand the cause to the trial court for further
proceedings.  See Tex. R. App. P. 35.3(c).  Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a
hearing to determine the status of the preparation of the clerk’s record, and
to enter any order necessary under the present circumstances to ensure that the
clerk’s record is filed as soon as practicable.

The
trial court shall cause the hearing to be transcribed.  In addition, the trial court shall (1)
execute findings of fact and conclusions of law addressing the foregoing
issues, (2) cause a supplemental clerk=s record to be developed containing its findings of fact and
conclusions of law and any orders it may issue relating to this matter, and (3)
cause a reporter=s record to be developed transcribing
the evidence and arguments presented at the aforementioned hearing.  The trial court shall then file the
supplemental clerk=s record and any reporter=s record transcribing the hearing
with the clerk of this Court on or before April 22, 2011.  Should further time be needed by the trial
court to perform these tasks, same must be requested before April 22, 2011.

It is so
ordered.

Per Curiam

Do
not publish.  

 











[1] Because
no clerk’s record has been filed in this case, the identification of the
offense for which appellant was convicted is as reflected in a partial copy of
the judgment that was attached to appellant’s notice of appeal.